1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  California Bar No. 149883
   Assistant United States Attorney
5  Chief, Asset Forfeiture Section
      Federal Courthouse, 14th Floor
6     312 North Spring Street
      Los Angeles, California 90012
7     Telephone:  (213) 894-6166
      Facsimile:  (213) 894-7177
8     E-mail: Steven.Welk@usdoj.gov

9  Attorneys for Plaintiff
   United States of America

10

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14  UNITED STATES OF AMERICA,      )   NO. CV  CV11-08313 PSG(Ex)
                                   )
15          Plaintiff,             )   VERIFIED
                                   )   COMPLAINT FOR FORFEITURE
16          v.                     )
                                   )   [31 U.S.C. §5317(c)(2) and
17  $381,996.05 IN U.S. CURRENCY,  )   18 U.S.C. §984]
                                   )
18          Defendant.             )   [ICE/CBP]
    _____)

19

20          Plaintiff United States of America brings this action

21  against defendant $381,996.05 in bank funds (the "defendant

22  funds"), which are more particularly described below, and alleges

23  as follows:

24                    JURISDICTION AND VENUE

25          1.   This is a civil in rem forfeiture action pursuant to 31

26  U.S.C. §5317(c)(2) and 18 U.S.C. § 984.

27          2.   This court has subject matter jurisdiction pursuant to

28  28 U.S.C. §§ 1345 and 1355.

3.    Venue lies in this district pursuant to 28 U.S.C. §1395.

PERSONS AND ENTITIES

4.    The plaintiff in this action is the United States of America.

5.    The defendant is $381,996.05 in bank funds seized from an account at Bank of America in the name of Empire Certified Collision Parts, Inc. with an account number ending in 5776 ("defendant funds").[1]  The defendant funds were seized on or about May 16, 2011, pursuant to a federal seizure warrant, from Bank of America at 150 Long Beach Blvd, Long Beach, California, 90802.

6.    The defendant funds are currently in the custody of the Department of Homeland Security, Customs and Border Protection ("CBP"), where they shall remain subject to this Court's jurisdiction during the pendency of this action.

7.    The interests of Empire Certified Collision Parts, Inc. and Kenny Kai Lun Hu may be adversely affected by these proceedings.

BASIS FOR FORFEITURE

Background of the Investigation

8.    Financial institutions are require to file a Currency Transaction Report ("CTR") with the U.S. Department of Treasury whenever any bank customer deposits more than $10,000 in currency in a single calendar day.  Multiple transactions must be treated

---

[1] Pursuant to Local Rule 79-5.4, full numbers of bank accounts have been omitted from this Complaint

2

as a single transaction when conducted by, or on behalf of, the same person, where they result in either currency received or disbursed by the financial institution totaling more than $10,000 during any one business day.

9.   Individuals often attempt to circumvent these reporting requirements by "structuring" cash deposits of more than $10,000 by making multiple deposits in amounts equal to or less than $10,000.  This activity is prohibited by federal law.

10.   Involvement in illegal activity tends to generate large quantities of cash which, by its very nature, is fungible. Individuals involved in illegal activity or under reporting their income will attempt to avoid the filing of CTRs by financial institutions because they do not want law enforcement to become aware of cash generated from illegal or unreported activities.

11.   CTRs are used by law enforcement to uncover a wide variety of illegal activities including narcotics trafficking, money laundering, terrorist financing and tax evasion.  Many individuals involved in these illegal activities are aware of such reporting requirements and take active steps to cause financial institutions to fail to file CTRs.  These active steps are often referred to as "structuring" and involve making multiple cash deposits, in amounts equal to or less than $10,000, to multiple banks and/or branches of the same bank on the same day or consecutive days, or within a few days of each other. Structuring and attempted structuring are prohibited by 31 U.S.C. §§5324(a)(1) and (3).  In many cases, the persons told of the CTR filing requirements will switch bank branches, use others to

1   deposit money on their behalf, or begin making regular deposits

2   equal to or below the $10,000 threshold.

3   <u>The Defendant Funds</u>

4       12.   The defendant funds were seized from and held at Bank

5   of America in the name of Empire Certified Collision Parts, Inc.,

6   an automotive repair and wholesale automotive parts business

7   located in San Bernardino, California.   Kenny Kai Lun Hu ("Hu")

8   is the owner of Empire Certified Collision Parts, Inc.   Hu is

9   also the authorized signatory on the account.   Both Hu and Empire

10  Certified Collision Parts, Inc. would be considered "customers"

11  for purposes of this complaint.

12      13.   The customers' knowledge of the CTR reporting

13  requirement are shown by the following facts, among others:

14          a.   On November 17, 2006, Hu made an in-person $11,211

15  cash deposit on behalf of Empire Certified Collision Parts, Inc.

16  at Bank of America.   A CTR was initiated and Hu provided personal

17  information for the completion of the CTR.

18          b.   On August 5, 2009, Hu and Connie Chao ("Chao") made

19  an in-person $10,017.00 cash deposit at Bank of America.   A CTR

20  was initiated and Hu and Chao provided personal information for

21  the completion of the CTR.

22      14.   On May 16, 2011, Hu was interviewed at his residence by

23  special agents with the Department of Homeland Security,

24  Immigration and Customs Enforcement ("ICE").   Hu stated that in

25  the past he had tried to deposit over $10,000 in currency and had

26  been advised by bank personnel that he was required to fill out a

27  CTR.   Bank personnel specifically advised him that the CTR form

28

4

1  was required for any cash deposits over $10,000, even if the
2  currency was deposited to multiple accounts and no single account
3  received more than $10,000.  Hu did not want to fill out the
4  form, and admitted that if he had more than $10,000 in currency
5  to deposit, he would deliberately engage in individual
6  transactions under $10,000.

7      15.  Hu further stated that over the last five to ten years,
8  he had engaged in a pattern of depositing cash in amounts of
9  $7,000, $8,000 and $9,000.  Hu admitted that when he had a cash
10 deposit of $12,000, he would take away $2,001 to make the total
11 of the cash deposit $9,999 so he would not have to fill out a CTR
12 and show his identification.

13     16.  The account received approximately 100 cash deposits --
14 totaling $796,061.09 -- between May 13, 2010 and November 9,
15 2010.  Each of these 100 cash deposits was under $10,000.  A
16 complete list of the structured deposits into the account is set
17 forth in Exhibit A, which identifies the account number, the bank
18 date of the deposit, the post date of the deposit, the total
19 deposit amount, and the cash deposit amount.  Of the 100 cash
20 deposits set out in exhibit A, approximately forty-three (43)
21 were between $9,000.00 and $10,000.00; approximately eleven (11)
22 were between $8,000.00 and $8,999.99; and approximately nineteen
23 (19) were between $7,000 and $7,999.99.

24     17.  Many of the structured transactions occurred on
25 sequential days, another prohibited activity if undertaken with
26 the intent to avoid the reporting requirement.  There

27

28                                   5

1    were approximately seventy-one (71) instances of deposits made on
2    consecutive days which, when combined, exceed $10,000.
3        18.   There were also seven instances where the bank filed a
4    CTR as a result of two separate cash deposits being made into the
5    account on the same day.   In each of these situations, the amount
6    of each separate cash deposit was below $10,000, but the
7    aggregate was in excess of $10,000.   In all but one of these
8    transactions, one of the two same-day deposits was for an even
9    dollar amounts.   These deposits are also indicative of
10   structuring.   The government is informed and believes that these
11   CTRs were generated automatically by the bank, which is believed
12   to employ computer software that identifies combined deposits and
13   generates a CTR.   The customer would not necessarily be aware of
14   the issuance of such a CTR.
15       19.   On May 13, 2011, the Honorable United States Magistrate
16   Judge Frederick F. Mumm authorized the issuance of a seizure
17   warrant for bank funds up to $796,061.09 on deposit in the
18   account.   The seizure warrant was served by federal agents on May
19   16, 2011, resulting in the seizure of the defendant funds.
20       20.   Based on the above, plaintiff alleges that the
21   defendant funds are subject to forfeiture to the United States
22   pursuant to 31 U.S.C. §5317(c)(2) as property involved in
23   violations of 31 U.S.C. §5324(a).   In addition, to the extent
24   that the defendant funds are not the funds directly traceable to
25   the illegal activities identified herein, plaintiff alleges that
26   the defendant funds are identical property found in the same
27
28

6

1 | account as the property involved in the specified offense,

2 | rendering them subject to forfeiture pursuant to 18 U.S.C. §984.

3 |     WHEREFORE, plaintiff United States of America prays that due

4 | process issue to enforce the forfeiture of defendant funds; that

5 | due notice be given to all interested parties to appear and show

6 | cause why forfeiture should not be decreed; that the Court decree

7 | forfeiture of the defendant funds to the plaintiff for

8 | disposition according to law; that the Court award plaintiff the

9 | costs of suit; and that the Court issue such other and further

10 | relief as the Court may deem just and proper.

11 | DATED: October 6, 2011

12 |                   ANDRÉ BIROTTE JR.
                  United States Attorney

13 |                   ROBERT E. DUGDALE
                  Assistant United States Attorney

14 |                   Chief, Criminal Division

15 |

16 |                   STEVEN R. WELK
                  Assistant United States Attorney

17 |                   Chief, Asset Forfeiture Section

18 |                   Attorneys for Plaintiff

19 |                   United States of America

<u>VERIFICATION</u>

I, Aaron Kwon, declare:

1.    I am Special Agent of the Department of Homeland Security, Immigration and Customs Enforcement.

2.    I have read the foregoing Complaint for Forfeiture and am familiar with its contents.

3.    The information contained therein has been furnished from official government sources and, based on information and belief, the allegations contained in the Complaint for Forfeiture are true and correct.

4.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October  6 , 2011 in Los Angeles, California

_____
AARON KWON

8

# Exhibit A

**Bank of America Account # XXXXX5776   5/13/10 to 11/09/10**

Empire Certified Collision Parts, Inc.

| Bank Date | Post Date | Deposit Amount | Cash Deposited |
|---|---|---|---|
| 5/13/2010 | 5/13/2010 | $ 26,109.09 | $ 2,900.47 |
| 5/17/2010 | 5/17/2010 | $ 9,000.00 | $ 9,000.00 |
| 5/18/2010 | 5/18/2010 | $ 52,958.41 | $ 9,962.73 |
| 5/19/2010 | 5/19/2010 | $ 22,191.43 | $ 8,200.15 |
| 5/24/2010 | 5/24/2010 | $ 9,000.00 | $ 9,000.00 |
| 5/24/2010 | 5/24/2010 | $ 44,006.57 | $ 9,153.01 |
| 5/26/2010 | 5/26/2010 | $ 42,216.66 | $ 6,434.01 |
| 6/1/2010 | 6/1/2010 | $ 73,530.19 | $ 9,695.36 |
| 6/2/2010 | 6/2/2010 | $ 20,740.97 | $ 6,451.10 |
| 6/3/2010 | 6/3/2010 | $ 16,170.40 | $ 6,877.60 |
| 6/4/2010 | 6/4/2010 | $ 22,409.65 | $ 9,719.89 |
| 6/7/2010 | 6/7/2010 | $ 31,223.29 | $ 9,990.92 |
| 6/8/2010 | 6/8/2010 | $ 18,147.39 | $ 5,166.98 |
| 6/11/2010 | 6/11/2010 | $ 66,545.96 | $ 9,976.34 |
| 6/14/2010 | 6/14/2010 | $ 28,194.55 | $ 9,473.19 |
| 6/15/2010 | 6/15/2010 | $ 29,419.08 | $ 9,839.16 |
| 6/16/2010 | 6/16/2010 | $ 23,783.17 | $ 8,415.86 |
| 6/18/2010 | 6/18/2010 | $ 31,474.24 | $ 9,865.02 |
| 6/21/2010 | 6/21/2010 | $ 21,674.85 | $ 9,692.59 |
| 6/21/2010 | 6/21/2010 | $ 9,000.00 | $ 9,000.00 |
| 6/22/2010 | 6/22/2010 | $ 20,409.35 | $ 9,533.84 |
| 6/24/2010 | 6/24/2010 | $ 54,686.69 | $ 982.09 |
| 6/28/2010 | 6/28/2010 | $ 44,071.64 | $ 9,000.00 |
| 6/29/2010 | 6/29/2010 | $ 16,556.58 | $ 9,917.69 |
| 6/30/2010 | 6/30/2010 | $ 29,060.25 | $ 6,157.67 |
|  |  |  | $ 8,739.09 |

9

Exhibit A

| Date | Date | Amount | Amount |
|---|---|---|---|
| 7/1/2010 | 7/1/2010 | $ 20,298.89 | $ 8,532.28 |
| 7/6/2010 | 7/6/2010 | 46,275.19 | 6,512.00 |
| 7/7/2010 | 7/7/2010 | 23,301.38 | 6,824.72 |
| 7/9/2010 | 7/9/2010 | 41,424.69 | 6,932.58 |
| 7/12/2010 | 7/12/2010 | 31,700.27 | 6,508.49 |
| 7/13/2010 | 7/13/2010 | 21,580.92 | 6,840.52 |
| 7/14/2010 | 7/14/2010 | 20,279.51 | 9,961.32 |
| 7/15/2010 | 7/15/2010 | 16,743.67 | 7,923.77 |
| 7/16/2010 | 7/16/2010 | 35,716.93 | 6,575.99 |
| 7/19/2010 | 7/19/2010 | 16,049.51 | 9,505.22 |
| 7/20/2010 | 7/20/2010 | 22,002.12 | 4,984.08 |
| 7/21/2010 | 7/21/2010 | 28,773.86 | 9,766.77 |
| 7/23/2010 | 7/23/2010 | 39,424.32 | 9,706.37 |
| 7/26/2010 | 7/26/2010 | 18,186.07 | 8,074.44 |
| 7/27/2010 | 7/27/2010 | 27,642.18 | 6,968.15 |
| 7/28/2010 | 7/28/2010 | 19,756.98 | 5,673.50 |
| 7/29/2010 | 7/29/2010 | 24,620.05 | 9,633.49 |
| 7/30/2010 | 7/30/2010 | 23,107.37 | 7,999.29 |
| 8/2/2010 | 8/2/2010 | 44,119.75 | 7,408.49 |
| 8/3/2010 | 8/3/2010 | 5,000.00 | 6,000.00 |
| 8/6/2010 | 8/6/2010 | 24,620.34 | 2,527.46 |
| 8/9/2010 | 8/9/2010 | 21,569.82 | 9,175.87 |
| 8/10/2010 | 8/10/2010 | 18,919.32 | 5,000.00 |
| 8/11/2010 | 8/11/2010 | 18,957.52 | 7,929.85 |
| 8/12/2010 | 8/12/2010 | 23,538.24 | 5,996.46 |
| 8/13/2010 | 8/13/2010 | 6,000.00 | 4,410.54 |
| 8/16/2010 | 8/16/2010 | 15,108.60 | 9,877.67 |
| 8/17/2010 | 8/17/2010 | 70,584.64 | 7,931.78 |
| 8/20/2010 | 8/20/2010 | 5,000.00 | 7,128.50 |
| 8/23/2010 | 8/23/2010 | 21,018.92 | 8,330.54 |
| 8/24/2010 | 8/24/2010 | 26,281.83 | 7,731.47 |
| | | | 7,980.14 |

10

| Date | Date | Amount | Amount |
|---|---|---|---|
| 8/25/2010 | 8/25/2010 | $ 18,319.87 | $ 9,999.00 |
| 8/26/2010 | 8/26/2010 | $ 17,389.29 | $ 9,547.91 |
| 8/27/2010 | 8/27/2010 | $ 15,667.49 | $ 7,240.65 |
| 8/30/2010 | 8/30/2010 | $ 21,543.48 | $ 9,999.37 |
| 8/31/2010 | 8/31/2010 | $ 21,879.26 | $ 8,606.78 |
| 9/29/2010 | 9/29/2010 | $ 72,156.55 | $ 6,234.92 |
| 9/27/2010 | 9/27/2010 | $ 30,303.21 | $ 7,977.93 |
| 9/24/2010 | 9/24/2010 | $ 45,610.48 | $ 7,905.00 |
| 9/23/2010 | 9/23/2010 | $ 25,971.99 | $ 7,511.41 |
| 9/22/2010 | 9/22/2010 | $ 21,440.95 | $ 7,279.84 |
| 9/21/2010 | 9/21/2010 | $ 26,130.18 | $ 8,060.78 |
| 9/20/2010 | 9/20/2010 | $ 57,583.07 | $ 9,844.71 |
| 9/20/2010 | 9/20/2010 | $ 25,559.88 | $ 9,999.60 |
| 9/14/2010 | 9/14/2010 | $ 19,751.85 | $ 9,999.00 |
| 9/13/2010 | 9/13/2010 | $ 18,387.08 | $ 9,998.43 |
| 9/10/2010 | 9/10/2010 | $ 19,814.27 | $ 9,578.52 |
| 9/8/2010 | 9/8/2010 | $ 25,905.00 | $ 8,441.05 |
| 9/3/2010 | 9/3/2010 | $ 25,595.97 | $ 7,798.00 |
| | | $ 25,451.67 | |
| 10/1/2010 | 10/1/2010 | $ 45,010.57 | $ 8,536.25 |
| 10/4/2010 | 10/4/2010 | $ 22,423.82 | $ 9,239.99 |
| 10/5/2010 | 10/5/2010 | $ 20,308.65 | $ 7,618.57 |
| 10/6/2010 | 10/6/2010 | $ 30,812.56 | $ 7,656.79 |
| 10/7/2010 | 10/7/2010 | $ 20,525.49 | $ 9,839.51 |
| 10/8/2010 | 10/8/2010 | $ 17,870.90 | $ 9,922.94 |
| 10/12/2010 | 10/12/2010 | $ 37,945.47 | $ 9,978.38 |
| 10/14/2010 | 10/14/2010 | $ 35,443.56 | $ 8,119.17 |
| 10/15/2010 | 10/15/2010 | $ 37,945.42 | $ 9,478.57 |
| 10/18/2010 | 10/18/2010 | $ 23,549.34 | $ 9,064.96 |
| 10/19/2010 | 10/19/2010 | $ 18,557.52 | $ 7,241.48 |
| 10/20/2010 | 10/20/2010 | $ 19,342.75 | $ 7,998.96 |
| 10/22/2010 | 10/22/2010 | $ 32,802.94 | $ 9,173.22 |
| 10/25/2010 | 10/25/2010 | $ 27,876.82 | $ 9,510.53 |
| 10/27/2010 | 10/27/2010 | $ 27,473.24 | $ 9,360.96 |
| 10/29/2010 | 10/29/2010 | $ 38,520.61 | $ 9,561.47 |

| | | Total | | | | | TOTAL | |
|---|---|---|---|---|---|---|---|---|
| 11/1/2010 | | 11/1/2010 | | $ | 32,166.19 | | $ | 938.40 |
| 11/3/2010 | | 11/3/2010 | | $ | 36,820.46 | | $ | 5,982.93 |
| 11/4/2010 | | 11/4/2010 | | $ | 18,826.51 | | $ | 7,260.70 |
| 11/5/2010 | | 11/5/2010 | | $ | 28,086.54 | | $ | 9,955.98 |
| 11/8/2010 | | 11/8/2010 | | $ | 23,387.02 | | $. | 9,701.53 |
| 11/9/2010 | | 11/9/2010 | | $ | 25,029.41 | | $ | 2,981.81 |
| | | | | 100 | | | $ | 796,061.09 |

12

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV11- 8313 PSG (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
United States of America

**DEFENDANTS**
$381,996.05 in U.S. Currency

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Steven R. Welk, Assistant United States Attorney
1400 United States Courthouse, 312 North Spring Street
Los Angeles, California 90012; Telephone: (213)894-6166 Fax: (213) 894-7177

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
31 U.S.C. §5317(c)(2) and 18 U.S.C. §984

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☑ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-08313

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                             ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                             ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                             ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date October 6, 2011

   Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
   or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
   but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |